JOHN KEASTER, PROSECUTOR, v. OVID C. BIANCHI, DI-
RECTOR OF THE DEPARTMENT OF REVENUE AND
FINANCE OF THE CITY OF ORANGE, AND THE CITY
OF ORANGE, A MUNICIPAL CORPORATION, RESPOND-
ENTS.

Argued January 22, 1941—Decided April 4, 1941.

Before Justices BODINE and PORTER.

For the prosecutor, *Edward R. McGlynn.*

For the respondents, *Edmond J. Dwyer* (*Joseph F. Zeller,*
of counsel).

The opinion of the court was delivered by

PORTER, J.   This writ of *certiorari* brings before us for
review the action of Ovid C. Bianchi as Director of the
Department of Revenue and Finance of the City of Orange,
and the City of Orange, respondents, in terminating the term
of office and discontinuing the services of John Keaster,
prosecutor, as chairman of the Board of Assessors of the said
city and in refusing to pay him the salary of said office from
September 15th, 1940.

The facts are not in dispute. Keaster, the prosecutor, was appointed as a member and as chairman of the Board of Assessors of Orange by resolution of the Board of Commissioners dated September 12th, 1933, for a period of three years from September 15th, 1933. This appointment was made under the authority of an ordinance of the city creating such office, fixing the term, salary and prescribing the duties. The ordinance was adopted September 5th, 1933, effective September 15th, 1933. It provided that the term of office be for three years and until the qualification of successors, "said term of office shall commence on the fifteenth day of September." At the expiration of the term of office of prosecutor, September 15th, 1936, he was not reappointed nor was anyone appointed to succeed him, consequently he continued to hold office. On December 23d, 1937, Director Bianchi, respondent, reappointed prosecutor to the said office for a term of three years from the date of the expiration of the original term, September 15th, 1936. Subsequently, the legislature extended the term of office of tax assessors to four years. *N. J. S. A.* 40:46-6.2, effective June 16th, 1938. On September 6th, 1940, Director Bianchi, respondent, advised prosecutor that his term of office would expire as of September 15th, 1940, and that his services would be discontinued as of that date. On September 28th, 1940, said respondent appointed one Frank M. Reynolds to the Board of Tax Assessors for a term of four years from that date to fill the vacancy on the board.

The primary question before us for solution is the date of the termination of the prosecutor's term of office. The pertinent part of *N. J. S. A.* 40:46-6.2, *supra,* reads as follows:

"The term of persons holding the position or office of 'tax assessor' in any municipality of this State is fixed at four years. Any person now holding the position or office of 'tax assessor' in any municipality of this State, and any person who may be hereafter appointed to, or elected to the position or office of 'tax assessor' in any municipality of this State, shall hold their said office for a term of four years from the first day of July next following said election or appointment. These provisions shall apply to all tax assessors now holding

office, and their four year term shall be calculated as commencing on the first day of July of the year in which they were elected or appointed."

It is the contention of the prosecutor that his appointment was made December 23d, 1937, and effective from that date and not as stated in the appointment from September 15th, 1936, the expiration of the original term, that the term under this statute being for four years from the first of July following the appointment it ran from July 1st, 1938, to July 1st, 1942.

We are not in accord with those views.

The statute quoted above is ambiguous. It is clear that the term shall be for four years from July 1st but it is contradictory with respect to its application to those then in office and those thereafter elected or appointed. First it says that the term shall be for four years from the 1st of July next following the election or appointment for *those then or thereafter in office* and then qualifies it by the next sentence to apply to those *now in office* by calculating the term from the 1st of July "in the year in which they elected or appointed." We conclude that the legislative intent was to differentiate between those then in office and those subsequently elected or appointed. The last sentence quoted is clear that the term of those in office when the statute became effective dated their terms to July 1st of the year in which appointed. That being so the preceding sentence seems to have been an error because not expressing what we conclude was the obvious intention of the legislation. The appointment being from September 15th, 1936, for three years, the effect of the statute, prosecutor being in office when it became effective, was to increase the term to four years from the first of July of that year making its expiration date July 1st, 1940.

It follows, therefore, that on September 15th, 1940, when prosecutor was dismissed and succeeded a short time later by a new appointee that his term had expired and he was holding over until his successor was appointed and qualified as provided by the ordinance creating the office.

Nor do we think that the appointment was invalid by being retroactive to the date of the prosecutor's original term. The

ordinance under which the appointment was made provided that the term was to commence September 15th. True, the date of the commencement of the term was later changed by statute as we have seen to July 1st but there was no authority for the term to commence December 23d. It seems to us not only logical but proper to have covered the period of holding over by making the appointment effective from the date of the expiration of the original term. In fact it appears that the prosecutor himself made that suggestion because he wished no question raised as to the continuity of his holding office with respect to his pension status. He should not now be heard to object under the circumstances.

Another contention of the prosecutor is that there is another statute, *N. J. S. A.* 40:46-6, which fixes the terms of tax assessors from July "next following his election or appointment and continue for the number of years fixed by law." It is argued that under this statute the appointment even if considered as having been made as of September 15th, 1936, was for four years from July 1st, 1937, and would therefore not expire until July 1st, 1941. We think this contention to be without merit because in the statute last mentioned it will be observed that it is only applicable when the date of the commencement of the term is not "otherwise provided by law" and the ordinance creating the office as modified by *N. J. S. A.* 40:46-6.2, *supra,* does make provision for the term commencement.

Finally the point is made that the office of chairman of the Board of Tax Assessors, which was the designation given prosecutor in his original appointment, is an office separate and distinct from that of tax assessor and that he is still entitled to hold that office, no successor having been appointed to supersede him. Not so. The authority for the creation of the Board of Assessors is in the ordinance. It provides for a board of three members and that "one of said three assessors shall be appointed Chairman of said Board * * *." The chairman must be a member of the board and when prosecutor ceased being a member of the board he was no longer chairman. The two offices are not separable.

For these reasons the writ will be dismissed, with costs.